```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
PIYOU ZHAO and ZHIQIANG WANG, on           :
behalf of themselves and others similarly situated, :
                                           :
                    Plaintiffs,            :             ORDER
                                           :
        -against-                          :      18 Civ. 6452 (EK) (VMS)
                                           :
KE ZHANG INC. d/b/a You Jia, ZOU JIA       :
YONG, INC. d/b/a T & T Restaurant, CHEN YI :
ZHU, LI HUI ZHU, XIANG KENG ZHU, and       :
JIA YONG ZOU,                              :
                                           :
                    Defendants.            :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

The motion for sanctions at ECF No. 88 is DENIED.

## I. BACKGROUND

This case has been pending for more than three years. Some of the duration of the case is attributable to the fact that, sadly, the initial Plaintiff died, and his spouse had to be substituted as Plaintiff. ECF No. 71. It took Plaintiff's counsel multiple filings in order to comply with FRCP 25 to effectuate the substitution. See ECF Order 10/4/22, 12/14/22; ECF Nos. 74-78. In January 2023, after the substitution, the Court extended discovery "for the limited purpose of conducting discovery related to the claims brought by former Plaintiff Piyou Zhao and currently asserted by substituted Plaintiff Jin Zhang." ECF Order 1/13/23.

Further delay was attributable to the COVID pandemic, Defendants' counsel's health issues, and a lack of diligence by both counsel, particularly by Plaintiff's counsel. See, e.g., ECF Order 3/16/20 (certifying discovery as complete (prior to notice of Plaintiff's death) but noting the lack of diligence by counsel); ECF Order 3/5/20 (counsel failed to file joint status report);

ECF Order 2/10/20 (counsel failed to file joint status report); ECF No. 33 (Court Order as to outstanding discovery); ECF Order 7/12/19 (counsel failed to file joint status report).  Plaintiff's counsel's lack of focus on relevant evidence led to other delays.  For example, Plaintiff included in the case Defendants as to which and whom there was insufficient evidence that the claims against them could proceed, which resulted in the District Court granting partial summary judgment in favor of Defendants Li Hui Zhu and Xiang Keng Zhu and dismissing the claims against them, and in favor of T&T Restaurant and Wen Chai Zou and dismissing the FLSA claims against them.  ECF No. 52.  By way of another example, Plaintiff's counsel was not prepared to provide discovery about the substitute Plaintiff despite several months' notice of the need for such discovery, which caused additional delay.  See ECF Orders 3/16/23, 2/8/23.  Plaintiff continued to fail to produce discovery, requiring Defendants to bring a motion to compel which was granted in part and denied in part.  See ECF Nos. 84-86; ECF Order 7/18/23.  Despite Plaintiff's counsel's repeated failures to move the case ahead substantively and procedurally, Plaintiff asked in the opposition to Defendants' motion to compel for an award of attorneys' fees against Defendants' because allegedly Defendants' counsel had not consulted with Plaintiff's counsel before filing the motion.  ECF No. 85.  In its ECF Order 7/18/23, the Court gave Plaintiff's counsel the opportunity to withdraw the motion, and the Court gave both sides the opportunity to submit two pages about the sanctions motion.  Plaintiff's counsel then submitted a letter asking for a $3,000 sanction because Defendants' counsel allegedly had not consulted with Plaintiff's counsel on two occasions before filing a request for Court intervention in contravention of the Federal Rules of Civil Procedure.  ECF No. 88.

## II.     DISCUSSION

"[D]istrict courts maintain discretion to waive the meet-and-confer requirement." See Elhannon LLC v. F.A. Bartlett Tree Expert Co., No. 2:14 Civ. 262 (WKS), 2017 WL 1382024, at *9 (D. Vt. Apr. 18, 2017). "Courts have excused a failure to meet and confer where: (1) under the circumstances, the parties do not have time to attempt to reach an agreement; or (2) an attempt to compromise would have been clearly futile." Yoon v. Celebrity Cruises, Inc., No. 97 Civ. 3808 (DC), 1999 WL 135222, at *6 (S.D.N.Y. Mar. 12, 1999). "In particular, courts look to the history of negotiations between the parties to determine whether further meet-and-confer efforts would be unfruitful." Elhannon, 2017 WL 1382024, at *9 (citing Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590 (DAB) (JCF), 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) (collecting cases)). Here, given Plaintiff's continued failure to produce relevant discovery, and Plaintiff's counsel's acknowledgement that there was an omission in their responses, the Court finds that an attempt by Defendants' counsel to meet and confer would have been futile and any requirement that Defendants' counsel had to confer with Plaintiff's counsel before requesting the Court's assistance was excused.

Frankly, the Court is surprised that, when given the opportunity to withdraw the sanctions request, Plaintiff's counsel did not withdraw it. As outlined briefly above, Plaintiff's counsel has caused significant delay in this case by failing to prepare motions properly and to provide obviously required discovery. Yet, Plaintiff's counsel alleges fault with Defendants' counsel even though Plaintiff's counsel was the source of the discovery failures which gave rise to the need for Defendants' motion practice.[1] Moreover, Defendants' counsel has not pursued

---

[1] Even the sanctions motion at ECF No. 88 is incomplete; it does not provide any statement of Plaintiff's counsel hours expended on the discovery motion or of counsel's hourly rate. See

sanctions even though the Court has had to direct Plaintiff's counsel to comply with discovery. In light of the history of Plaintiff's counsel's conduct in this litigation, including in the most recent iteration of discovery failures, there is no basis upon which the Court could reasonably grant Plaintiff's motion for sanctions. The sanction motion itself borders on being sanctionable, but as Defendants have not pursued such relief, the Court will not consider such an award.

Counsel are expected to confer with each other about dispositive motion practice. ECF Order 1/16/24. They are reminded that this second date for dispositive motion practice does not give the parties leave to re-visit issues raised in the first motion for summary judgment, but rather, it is limited to issues that arose after the substitution of the new Plaintiff. If the parties do not proceed with motion practice, the revised joint pretrial order is due March 11, 2023. Counsel are directed to the District Judge's Individual Rules for other relevant dates. The parties are reminded that they waived their right to a jury trial and requested a bench trial in March 2022. ECF Order 3/23/22.

Dated: Brooklyn, New York
　　　　February 16, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

Alcon vision, LLC v. Lens.com, Inc., 18 Civ. 407 (NG) (SJB), 2023 WL 8072507 (E.D.N.Y. Nov. 21, 2023).